■ PANTELIS KARAGEORGIOUS et al., Respondents, v TED LAOUDIS et al., Appellants. [706 NYS2d 720] —In an action, *inter alia,* for a judgment declaring the rights of the parties to certain real property and to enjoin the defendants from exercising control over that property, (1) the defendant Ted Laoudis appeals from stated portions of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 21, 1998, and (2) the defendants appeal from stated portions of a judgment of the same court, entered February 11, 1999, which, *inter alia,* declared that the control of the property and accounts of St. Anargyroi Parish shall be exercised by those members of the parish who remain affiliated with Greek Orthodox Metropolis G.O.C. of North and South America and enjoined the defendants from exercising any control over the property and accounts of St. Anargyroi Parish.

Ordered that the appeal from the intermediate order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs commenced this action seeking, *inter alia,* control over the property and accounts of the St. Anargyroi Parish in Suffolk County (hereinafter St. Anargyroi). The defendants sought similar relief. In the judgment appealed from, the Supreme Court granted control of the property and accounts of St. Anargyroi to those members of the parish who remained affiliated with the plaintiff Greek Orthodox Metropolis G.O.C. of North and South America (hereinafter the Metropolis). We affirm.

Pursuant to the relevant by-laws by which St. Anargyroi operates, in the case of a schism among the members of the parish, control of the parish property is to be exercised by those members of the parish who remain faithful to the Metropolis. Here, contrary to the defendants' contentions, neither the determination that a schism had occurred nor the application of the clear dictate of the relevant corporate by-laws required the court to "resolve underlying controversies over religious doctrine[s]" in violation of the First Amendment guarantee of religious freedom (*Presbyterian Church v Mary Elizabeth Blue Hull Mem. Presbyt. Church,* 393 US 440, 449).

The defendants' remaining contentions are without merit. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.